## ALBARRÁN v. PAZ ET AL.

### APPEAL from the District Court of Arecibo.

No. 807.—Decided December 5, 1912.

PLEADINGS—AMENDED PLEADINGS—AMENDMENTS FILED SEPARATELY—BAD PRAC-
TICE.—When a party amends any pleading it should be presented to the court
entirely rewritten, for it is bad practice to file the proposed amendments
alone without incorporating them in the pleading which it is desired to amend,
and the courts should disregard amendments not filed in said form.

SERVITUDES—SERVITUDE OF RIGHT OF WAY—ENJOYMENT OF SERVITUDE FROM TIME
IMMEMORIAL.—The expression time immemorial when applied to the enjoy-
ment of a servitude signifies the use of said servitude for a period beyond
the memory of the oldest inhabitant of the neighborhood, or since the time
whereof the memory of man runneth not to the contrary. In the case at
bar the evidence does not support the allegation of the plaintiff that he
has enjoyed the servitude of right of way in litigation from time im-
memorial.

ID.—APPEAL—SERVITUDE BY ORAL AGREEMENT BETWEEN AGENTS VERBALLY AP-
POINTED.—The evidence in the case at bar having been examined, it was held
that the servitude of right of way alleged by the plaintiff to have been
created by virtue of an oral agreement made by the verbally appointed
agents of both parties was not duly proven at the trial.

ID.—SERVITUDE OF RIGHT OF WAY—SERVITUDE BY WRITTEN CONTRACT.—Servi-
tudes of right of way should be established by written contracts between
the parties in order to be valid in law and entitled to consideration by the
courts.

ID.—DAMAGES.—The existence of the servitude of right of way alleged by the
plaintiff not having been proved in the case at bar, and taking into account
that only the damages immediately and necessarily derived from the acts of
the party liable therefor may be recovered, it is necessary to conclude that the
claim for damages made by the plaintiff in this case is without foundation.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellant.

*Messrs. Juan de Guzmán Benítez* and *Manuel Paz Urdaz*
for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case involves a servitude claimed by the plaintiff,
who lost in the court below and is here the appellant, over
the lands of one of the defendants, for a right of way, giving
him ingress and egress to and from the highway leading from
Utuado to Arecibo. He also claims damages alleged to have

been sustained from the closing of a road over the defendant's farm. Defendants deny the existence of the servitude and that any damages whatever have been suffered, as alleged by the plaintiff.

It appears from the record that the trial court sustained a demurrer to the first complaint filed herein, and thereupon the plaintiff presented an amended complaint, to which exceptions were also made by the defendants and again sustained. Thereupon the plaintiff's counsel amended his amended complaint by filing a paper in which he purports to insert at certain places certain clauses, after the manner of a motion to amend a bill in the Legislature. This is a vicious practice. When any pleading is amended it should be entirely rewritten, after the manner of an engrossed bill in the assembly, so that it can be read and understood without reference to any other paper. If this is not done, the trial courts should disregard such amendments and sustain any exceptions made to such pleadings for defects apparent on their face.

It is gathered from the complaint, in connection with the attempted amendments, that the plaintiff bases his claim to a right of way on immemorial use and also on special contract. But it seems that he alleges that by consent the servitude arising from immemorial use was abrogated and substituted by a right of way agreed upon, running over a different part of the land. In the confusion arising from the clumsy method of pleading, this is not entirely clear, but this seems to be the meaning intended by the pleader.

It further appears that the agreement claimed to establish the second right of way was not made by the parties, plaintiff and defendant, themselves, but by their agents, acting only on verbal authority, and that the agreement itself was merely oral.

No claim is made by the plaintiff to a servitude over the defendants' land arising by law from the fact that his tract is surrounded by other lands belonging to other persons,

owning the adjacent property, and so no question arises on that phase of the case.

He alleges that he had been in possession of the dominant tenement from time immemorial, enjoying the servitude claimed, but his evidence fails to establish such an allegation. *Time immemorial,* when applied to servitude, means beyond the memory of the oldest inhabitant of the vicinage, or since the time whereof the memory of man runneth not to the contrary. Evidence to establish such a claim is entirely lacking in the record.

But even if the plaintiff at any time may have had a servitude based on immemorial use, according to the pleadings of the appellant himself, this servitude was abrogated and a new one substituted by oral agreement between the parties, made by their respective agents. Then the plaintiff must rely on the later servitude according to the case which he makes out for himself in his pleadings. But the proof in regard to this claim is far from satisfactory. The conversation testified to by the plaintiff's agent is denied by the agent of the defendant, and the trial court evidently gave credence to the latter. Besides, authority in the several agents to make such agreements is entirely lacking. At least, no evidence thereof appears in the record. Moreover, the agreement alleged to have been made, as well as the authority claimed to have been given the attorneys in fact making the same, seem to have been entirely oral, occurring in some indefinite way not clearly defined. These important acts should have been consummated by writings properly executed by the parties, in order to be valid in law and entitled to consideration by the courts, in a case where a servitude is sought to be established. Failing to show these facts in a proper manner, the plaintiff's case falls to the ground. (Civil Code, sec. 547.)

But for the sake of greater clearness, we may state that from the evidence presented, which appears in the record, one may find the fact that through the property of the de-

fendant, Manuel Paz Urdaz, there is a road open to the pub-
lic, perfectly usable, which, after passing the river, leads to
the property of the plaintiff, Albarrán. This road could have
been used by the latter had he so desired, as it was used by
everybody else for the transportation of fruits and as a path
for animals and carts. So that, in any case, the plaintiff
could have availed himself of the use of said road for the
transportation of his sugar cane to the Central Utuado, pass-
ing over the same to reach the highway. As such a right
existed, plaintiff could not claim that he had sustained any
damages, since he could easily have avoided any inconven-
ience by using said road in the manner in which the same
has been used by the other neighbors residing in the vicinity.

In the language substantially of the trial judge, we may
say in regard to the claim for damages: We are clearly of
the opinion that the existence of the servitude on a right of
way, as set forth by the plaintiff, upon the defendants'
property has not been established, and therefore it is unnec-
essary to consider the damages and losses that have been
claimed by the plaintiff, inasmuch as the same would result,
if suffered, from the existence of such servitude; and in view
of the nonexistence thereof there is no proper base for mak-
ing such a claim. Considering also that in order that said
damages may be recovered they should be derived imme-
diately and necessarily from the facts causing the same—
that is, from the fault, malice or negligence of the person
upon whom they are imposed—and in this case the legality
of the defendants' acts is established by the nonexistence
of the servitude; so no damages ensue.

In view of the facts, as shown by the record, and the law
applicable thereto, there is no error in the judgment of the
court below, and it should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and
Aldrey concurred.